Filed 7/29/26  Moore v. Williams CA1/2
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROOSEVELT MOORE III, et al.,<br><br>        Plaintiffs and Respondents,<br>v.<br><br>GUS WILLIAMS, et al.,<br><br>        Defendants and Appellants. | A174835<br><br>(San Mateo County<br>Super. Ct. Nos. 20CIV03096;<br>25UC00759) |

### MEMORANDUM DISPOSITION

Defendants and appellants Gus Williams and Shanda Love apparently appeal from the denial of a motion to set aside a default judgment entered against them.  We affirm.

### BACKGROUND

Appellants filed identical form notices of appeal, purporting to appeal from judgments or orders dated "11-24-2021" and "8-23-25,"[1] describing them by checking the boxes for "judgment after court trial" and "default judgment" and writing, under the space for "Other," "CCP.473.b & CCP.475.5."  In Love's Notice Designating Record on Appeal, she identifies the judgment or order appealed from as having been filed on "8/23/2025."  There is no

---

[1] The date "11-24-2021" is typed on the Notice of Appeal; the date "8-23-25" is handwritten next to it.

1

judgment or order in the record provided by appellants that was filed on August 23, 2025.  Nor does the 40-page "Case Summary" prepared by the superior court clerk's office, and part of the record on appeal, have an entry for August 23, 2025.  There is, however, an entry on the Case Summary for November 24, 2021, entitled "Request to Enter Default," indicating it was filed by plaintiff Roosevelt Moore, III against defendants Gus Williams, Omega Probe, Inc. and Akika Moto, but no other documents regarding that entry are part of the record.

Although it was designated with the erroneous date of August 23, 2025, the record does reflect that the trial court issued a written "Order After Hearing on Motion to Vacate and Set Aside Default Judgments and Order Vacating Order to Transfer Title to Real Property 1307 Hill Avenue, San Mateo CA," filed on October 10, 2025 ("October 10, 2025 order").  The order states in pertinent part:

"On September 23, 2025, at 2:00 PM, at the hearing of the instant Motions to Vacate and Set Aside Default Judgments entered against Defendants Shanda Love and Gus Williams, in Department 4 of this court . . . attorneys . . . appeared for Plaintiffs [Roosevelt Moore III, Silva Moore, and Michael Moore (the Moores)], attorney Robert P. Rich appears for . . . the 'Luthra Defendants.'  Defendant Gus Williams appeared in pro per and Defendant Shanda Love appeared in pro per.

"The Court having considered the papers filed by each party and the oral arguments presented by each in pro per party and the other parties' attorneys, and finding good cause appearing, the Court adopts its tentative ruling.

"The Motion to Vacate and Set Aside Default Judgment brought by Defendant Gus Willliams is DENIED.  The Motion to Vacate and Set Aside

2

Default Judgement brought by Defendant Shanda Love is DENIED. The Proposed Order to Vacate Order Cancelling Grant Deed and Transferring Title Interest of 1307 Hill Avenue, Menlo Park, California to Plaintiffs is DENIED."

The notices of appeal were filed on October 14, 2025. We assume appellants are attempting to appeal from the October 10, 2025 order.

## DISCUSSION

Williams, representing himself, filed an opening appellate brief. Love, representing herself, filed a substantially identical opening appellate brief.[2] Plaintiffs and respondents the Moores filed a joint respondents brief. Appellants did not file reply briefs on appeal.

A.   *Principles of Appellate Practice*

"[A] trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." '

---

[2] Both opening briefs on appeal have identical certificate of word counts: 2,000 words, although Williams has an additional paragraph about a writ of attachment application against him in 2022 and Love omits a few lines that appear in Williams's brief.

3

[Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) As part of the presumption of correctness, reviewing courts also assume that all express or implied findings in support of the challenged action are themselves supported by substantial evidence. (E.g., *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134; *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887; *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

"Further, it is established that '. . . an appellate brief "should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration." ' " (*Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545–546.) Likewise, " '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) "The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

These rules apply to parties who represent themselves in the same manner they apply to parties who are represented by counsel. (*Nwosu v. Uba, supra*, 122 Cal.App.4th at pp. 1246–1247.) Thus, "pro. per. litigants must follow correct rules of procedure." (*Id.* at p. 1247.)

B.    *Analysis*

Appellants have not provided an adequate appellate record. As we have noted, we presume that the order appealed from is the October 10, 2025 order. The entire record on appeal consists of the minute order regarding the

4

hearing on the motion to vacate, the October 10, 2025 order, the notices of appeal, the 40-page case summary described above (essentially, the register of actions), and an "Order After Hearing for Issuance of Permanent Injunction Against Defendant Gus Williams," filed October 10, 2025. Appellants have not provided any pleadings, let alone the underlying motions that led to the entry of default or the motions seeking to vacate and set them aside. For this reason alone, appellants' appeals fail.

Even putting aside the inadequacy of the appellate record, the appellants' arguments fail. First, we cannot discern the facts of the underlying dispute, the procedural history, the default, or any relief sought after the default. An opening brief must "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) The briefs here do not do that. They begin with three pages of disconnected paragraphs, each variously headed as "Statement of Case" and "Statement of Facts." The briefs starts by stating that "[t]his action arises out of a California Purchase and Sale Agreement by and between, Respondents Roosevelt Moore III, Silva K. Moore and Michael S. Moore, previous owner of that real property located and situated at 1307 Hill Ave., Menlo Park, CA., 94024" and describes a "related case which was consolidated with this case" involving property in Millbrae. There are *no* citations to the record. This is another reason why appellants' appeals cannot succeed. (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at 1246.)

Second, we cannot discern the argument made on appeal. There are no headings or subheadings that summarize the argument being made. (See Cal. Rules of Court, rule 8.204(a)(2)(C).) Under the heading "Argument" there is a long block entry, with bullet points, written from the perspective of a practice guide. It is unattributed. The Argument begins: "Under

5

California Code of Civil Procedure (CCP) § 473.5, you may file a motion if:" followed by three bullet points. It continues, "Other common grounds under CCP § 473(b) include:" followed by three more bullet points. There is no attempt to explain how these rules apply to this case, including the parenthetical reference to "(. . . medical emergency, reliance on incorrect legal advice)." In the next paragraph, the argument continues that "[t]he granting of the Appeal and a Reversal of the Trial Court default judgment will protect the jurisdiction of this Court and to preserve the fruits of reversal." It is unclear whether and how this point applies. The entire substance of the argument is this one sentence, right before the heading marked "Conclusion": "The trial court's default judgment order is both clearly erroneous as a matter of law and substantially prejudices petitioner's case."[3] But appellants fail to demonstrate how they have complied with the statutory requirements for relief under section 473.5 and why and how the trial court erred in denying it.

Appellants have not presented an intelligible legal argument. Because "we are not required to search the record to ascertain whether it contains support for appellants contentions" we deem their arguments are waived. (*Mansell v. Board of Administration, supra,* 30 Cal.App.4th at p. 545.)

**DISPOSITION**

The judgment is affirmed.

---

[3] The "Conclusion" re-states the same point. "Default judgment is not proper if it does not completely prove to the court that the Appellant fail [*sic*] to answer Plaintiff/Respondents summon [*sic*] in time and said failure was due to inexcusable neglect. . . . In the instant action, Plaintiff did not meet these requirements and was not entitled, with reservation, to a Default Judgment as a matter of law." This is not reasoned legal argument.

6

_____

Miller, J.

WE CONCUR:


_____

Stewart, P. J.


_____

Desautels, J.


A174835, *Moore, et al. v. Williams, et al.*

7